**MARINER'S SERVICES, Inc., v. DUNN'S MARINE RY., Inc.**

No. 6031.

United States Court of Appeals Fourth Circuit.

Argued April 12, 1950.

Decided April 20, 1950.

Thomas P. Mesick, New York City (Leon T. Seawell, Jr., and Hughes, Little & Seawell, Norfolk, Va., on the brief), for appellant.

Barron F. Black, Norfolk, Va. (Vandeventer & Black, Norfolk, Va., on the brief), for appellee.

John W. Oast, Jr., Norfolk, Va. (Julias F. Duncan, Beauforta, N. C., on the brief), for Winston Hill, Roderick Hill and Wiley Mason.

Before PARKER, Chief Judge, SOPER, Circuit Judge and HAYES, District Judge.

PER CURIAM.

This is an appeal from an order denying a motion to be allowed to intervene and assert claim to a vessel in a suit in which the vessel had been libeled for repairs and had been sold under order of court. The contract for repairs had been made by the person who held title to the vessel at the time of the contract, the repairs had been duly made and libel had been filed to enforce the claim thereby created. Decree was entered pro confesso on January 7, 1949, sale was had on January 24 and confirmed on February 8 and order directing distribution of proceeds was entered on February 11. Not until April 12 did appellant attempt to intervene and set aside the sale of the vessel, although it had notice through its counsel of the sale, con-

firmation of sale and order directing distribution of proceeds. It is clear that the motion to set aside the sale, not having been made within sixty days of the order of confirmation as required by Admiralty Rule 39, 28 U.S.C.A., came too late; and it is clear also that there was no abuse of discretion in denying the motion even if it had been made in time, in view of the fact that the parties had stood by and allowed the vessel to be sold and expenditures to be made upon her. While the motion, considered as one to set aside the order distributing the funds, was made within the 60 days allowed by the rule, it was clearly without substantial merit and was properly disallowed. See International Refugee Organization v. Maryland Drydock Co., 4 Cir., 179 F.2d 284. Certainly no abuse of discretion can be predicated of the action of the court below in denying it.

Affirmed.